**In re TREMONT CORPORATION, Debtor.**

**Douglas MARKY, as Trustee of Tremont Corporation, Plaintiff,**

v.

**NORSTAR BANK, NATIONAL ASSOCIATION, Defendant.**

**Bankruptcy No. 89–12201 K.**

**Adv. No. 91–1341 K.**

United States Bankruptcy Court, W.D. New York.

Aug. 26, 1992.

---

Daniel F. Brown, William F. Savino, Damon & Morey, Buffalo, N.Y., for plaintiff.

Janet G. Burhyte, Jaeckle, Fleischmann & Mugel, Buffalo, N.Y., for defendant.

MICHAEL J. KAPLAN, Bankruptcy Judge.

*Never step over one duty to perform another.*
*An English proverb.*

The defendant in this adversary proceeding believes that the plaintiff Trustee and his counsel, in their zeal to perform their duty to preserve any causes of action that might be property of the estate, neglected their F.R.Civ.P. 11 ("Rule 11") and Bankruptcy Rule 9011 duty to conduct a "reasonable inquiry" and determine that the action they were commencing is "well-grounded in fact." Thus the defendant seeks dismissal of this suit which attempts to set aside an $800,000 mortgage on property of the debtor.

Specifically, defendant Fleet (as successor to Norstar) asserts that although the debtor's insolvency at key points in time is an essential element of each of the Trustee's asserted causes of action, and despite many months of pre-suit investigation and eight months of discovery, the Trustee cannot presently offer (in response to defendant's interrogatories) any fact at all in support of the complaint's allegations of insolvency. Rather, in response to the interrogatories the Trustee states that he needs further discovery before he can reconstruct the debtor's assets and liabilities both immediately before and after the September 9, 1988 transfer at issue.

It is important to focus upon some features that distinguish Bankruptcy Trustees from the generality of plaintiffs.

1. They are successors in interest to the debtor, with no first-hand knowledge of the facts underlying complaints that arise out of bankruptcy events.

2. Those non-parties with first-hand knowledge may be hostile and even (as here) a person convicted of making false statements about his finances. Some may personally benefit from concealing facts from the Trustee.

3. They may be personally liable for even slight negligence in failing to prosecute a cause of action that is an asset of their trust.

4. The two-year Statute of Limitations of 11 U.S.C. § 546 may be far shorter than the period of time that the debtor had in which to decide whether to pursue the cause before the filing of the petition.

It is in recognition of such distinguishing features that this Court is decisively persuaded by pertinent statements of the Ninth Circuit Court of Appeals. In a non-bankruptcy case, that Court reversed the imposition of Rule 11 sanctions against plaintiffs that were employee benefit trusts. The Court made the following statement:

[T]rust funds such as those at issue here have a statutory and fiduciary duty to collect contributions that are owed. To sanction them for vigorously trying to do so would run counter to the responsibility placed on them by Congress. See ERISA, 29 U.S.C. § 1001 et seq. In fact, had the Trusts refrained from pursuing their legal remedies in this case, it might well have been argued that they failed properly to perform their obligations. Before imposing sanctions on trust funds, Trustees, or their counsel, Courts

must consider the implications of the fiduciary duties and obligations placed on those entities and weigh that factor carefully in reaching their judgments.

*Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1344 (9th Cir.1988).

This is no less true of Bankruptcy Trustees. This is not to say that Bankruptcy Trustees are free to conduct no inquiry whatsoever. It does, however, cast a very different light on the Rule 11 factors most often cited by the higher courts. Thus, for example, the 10th Circuit, in the case of *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992) addressed the question of whether, in a bankruptcy case, dismissal of a lawsuit was appropriate under Rule 11 where the suit had been commenced by the debtor prior to the filing of the petition in bankruptcy and where, also prior to the filing of the petition, the debtor had engaged in sanctionable conduct. The Court noted that once the bankruptcy was filed, the plaintiff's estate became the successor in interest of the lawsuit. It stated that a trial court's discretion would not be exceeded if it were to "consider whom the sanction affected in determining what sanction was appropriate." *Id.* at 920.[1]

■ Consistent with the views of the Second Circuit regarding Rule 11, as set forth and reviewed in the case of *O'Malley v. New York City Transit Authority*, 896 F.2d 704 (2d Cir.1990) and in light of the teaching of that court in *Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir.1986), referring to its decision in *Eastway Construction Corp. v. City of New York*, 762 F.2d 243 (2d Cir.1985), I hold that at least where the plaintiff is, as here, a Bankruptcy Trustee, "Rule 11 is violated *only* when it is 'patently clear that a claim has absolutely no chance of success.'" *Oliveri*, 803 F.2d at 1275.

The Bank's motion to dismiss the complaint as a sanction under Rule 11 is denied.

Also pending is the Bank's motion to amend the scheduling order so as to extend the discovery deadline to September 15, 1992 and the pre-trial memoranda and motions deadline to September 30, 1992, and to provide for a calendar call of this adversary proceeding on October 21, 1992. This relief is granted.

Finally, there is pending the plaintiff's motion seeking to compel the defendant to comply with certain discovery requests. That motion is granted, as is the plaintiff's motion to amend the caption of this adversary proceeding to reflect the change of name of Norstar Bank, N.A. to Fleet Bank of New York, N.A.

SO ORDERED.

---

1. The Court affirmed dismissal of the lawsuit, finding, in part, that by the time the estate succeeded to the cause of action, the cause was already encumbered by the debtor's sanctionable conduct.